UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA

V.

GIBRAN BONILLA ACEVEDO,

Defendant.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/25/21

17 CR 604 (CM)

DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

McMahon, J.:

On February 13, 2018, Gibran Bonilla Acevedo ("Bonilla") pleaded guilty to one count

of conspiracy to distribute cocaine. On January 9, 2019, he was sentenced to a term of

incarceration of forty-eight months. Defendant is currently housed in the Metropolitan

Detention Center ("MDC"), in Brooklyn, New York.  According to the Bureau of Prisons

("BOP"), he is scheduled to be released October 12, 2022.

Before the Court is Bonilla's motion for compassionate release filed pursuant to 18

U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act ("FSA"), P.L. 115-391.  Bonilla

says that he suffers from Wolff- Parkinson-White Syndrome (a type of heart condition that

causes rapid heart rate (arrhythmia)), and orthopedic issues that restrict his mobility. He

argues that "the combination of his medical issues, the ongoing public health emergency

created by COVID-19, and the uniquely problematic circumstances of prison confinement

1

create the precise 'extraordinary and compelling' circumstances contemplated by the compassionate release statute." ECF Doc. 64, Deft's Memo at 2.

The Government opposes the motion arguing that Bonilla's "medical conditions do not establish extraordinary and compelling circumstances warranting release and because such a reduction of his sentence would be inconsistent with the § 3553(a) sentencing factors." ECF Doc. 65, Govt. Opposition Memo at 1.

### Compassionate Release

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then consider whether the defendant has met his burden of establishing "extraordinary and compelling circumstances" warranting release.[1]  In the past, this Court—and

---

[1] "A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue." *See, e.g.,* United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).

many of my district court colleagues—looked to United States Sentencing Guidelines § 1B1.13

(the applicable Guidelines section for sentencing reductions pursuant 18 U.S.C. §

3582(c)(1)(A)(i)), for guidance on what constituted "extraordinary and compelling

circumstances."[2] That changed on September 25, 2020, when the United States Court of Appeals

for the Second Circuit held that § 1B1.13 is not applicable to a motion brought by a defendant in

the district court. *United States .v. Brooker* No. 19-32180-CR, 2020 WL 5739712, at *6 (2d Cir.

Sept. 25, 2020). The Second Circuit reasoned that the language of § 1B1.13—language that has

not been updated since the passing of the First Step Act—addressed only sentencing reduction

motions initiated by the Bureau of Prisons. *Id.* In making clear that the district court was not

constrained by the narrow grounds for granting compassionate release in § 1B1.13, the Second

Circuit declared unequivocally that "district courts have discretion to consider the full slate of

extraordinary and compelling reasons that an imprisoned person might bring before [the court] in

---

[2] The Application Notes to Section 1B1.13 describe the circumstances under which "extraordinary and compelling reasons" exist. *See* § 1B1.13 comment (n.1). For example, the medical circumstances ground reads as follows:

(A)    Medical Condition of the Defendant.—

    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia

    (ii)    The defendant is—

        (I)    suffering from a serious physical or medical condition,

        (II)    suffering from a serious functional or cognitive impairment, or

        (III)    experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self- care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 comment (n.1).

motions for compassionate release," and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id* at *7.

What Brooker did not change, however, is the mandate in § 3582(c)(1)(A)(i) that a court contemplating a defendant's release pursuant to that section must first consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they are applicable, and determine whether they counsel for or against release. A court may still deny compassionate release where the § 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.

Bonilla Exhausted his Administrative Remedies in the Bureau of Prisons

On April 29, 2020, Bonilla submitted a compassionate release request to BOP citing concerns about COVID-19. On May 14, 2020, the warden of MDC Brooklyn denied the request on the grounds that Bonilla did not fit the then-existing BOP criteria for compassionate release.

Accordingly, Bonilla has exhausted his administrative remedies, and the present motion for compassionate release is properly before the Court.

The Motion Before the District Court

Bonilla asks that the Court release him from prison immediately in light of his medical conditions that he believes places him at heightened risk of suffering a serious outcome should he contact COVID-19— a risk he says is made more likely by his continued incarceration in federal prison.

In regard to Wolff- Parkinson-White Syndrome ("WPW"), the Center for Disease Control does not recognize this heart condition as one that renders individuals more vulnerable to COVID-19. CDC guidance indicates that "[h]eart conditions (such as heart

4

failure, coronary artery disease, cardiomyopathies or hypertension)" can render one more

vulnerable to COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical- conditions.html (last visited April 2, 2021). WPW is

not one of these conditions. Moreover, the defendant's 2019 cardiology assessment

specifically evaluated him for coronary arterial disease and hypertension and concluded

that he did not suffer from these conditions.

 Regarding defendant's ambulatory issues owing to various orthopedic maladies,

the CDC does not identify a single orthopedic condition that renders an individual more

vulnerable to COVID-19.

 As for the state of COVID-19 in MDC Brooklyn, even during the latest uptick of

COVID cases around the country (mostly attributed to the "Delta" variant), the institution

is currently reporting a single inmate testing positive for the virus. *See* BOP COVID-19

Dashboard, https://www.bop.gov /coronavirus/ (last visited August 24, 2021). And while

there is no information in the record regarding Bonilla's vaccination status (vaccination

being the best protection from contracting COVID-19, or if one does contract the virus,

the best protection from suffering a severe outcome), the BOP says "it is committed to

making the vaccine available to all staff and inmates who wish to receive it as quickly as

possible." *Id.* In his testimony before Congress last April, the director of the Federal

Bureau of Prisons, Michael Carvajal, said that by mid-May 2021, "all federal prison

inmates [would] have the opportunity to receive a vaccine." *See* https://www.npr.org

/2021 /04/16/988237102/all-federal-inmates-to-be-offered-vaccine-by-mid-may-bop-

director-says. The BOP COVID-19 dashboard currently shows that 694 of the

approximately 1,400 inmates at the MDC have been fully vaccinated. Presumably,

5

Bonilla has had the opportunity to get vaccinated— one would hope that he has taken advantage of that opportunity.

Accordingly, Bonilla has failed to demonstrate that his current medical condition and the threat of contracting COVID-19 at the MDC present extraordinary and compelling circumstances warranting his immediate release.

Even if Bonilla had met his threshold burden of demonstrating an "extraordinary and compelling" reason to be considered for compassionate release, the sentencing factors at 18 U.S.C. § 3553(a)—which the Court must consider in connection with a motion for a sentence reduction, *see* 18 U.S.C. § 3582(c)(1)(A)—counsel against a sentence reduction. Principal among those considerations in this case are "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" 18 U.S.C. § 3553(a)(1), (2) (A).

Bonilla's narcotics offense was uncommonly serious for a first-time offender: he personally brokered and attempted to carry out the sale of more than five kilograms of cocaine. Even after safety valve relief pursuant to Title 18, United States Code, Section 3553(f), the defendant's Guidelines range was 70-87 months' imprisonment. At the time of sentencing, this Court took into account all the factors that the defendant now presses to justify a reduction of sentence, in particular his work history, close family ties, and his minor criminal history, and concluded that 48 months' imprisonment was sufficient, but not more than necessary, to meet the goals of sentencing. The Court finds no reason to shorten that sentence today.

The motion for compassionate release is denied.

6

Dated: August 25, 2021

Colleen McMahon
United States District Court Judge